UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM McNAMEE, <br><br> Plaintiff, <br><br> v. <br><br> COMMONWEALTH OF MASSACHUSETTS, <br><br> Defendant. | Civil Action No. <br> 12-40050-FDS |

### ORDER ON MOTION TO QUASH SUBPOENAS

**SAYLOR, J.**

This matter arises from a workers' compensation action before the Massachusetts Department of Industrial Accidents ("DIA"). On April 12, 2012, the Honorable James P. McGovern, the United States Representative for the Third Congressional District of Massachusetts, and his former Chief of Staff, Edward J. Augustus, were each served with a *subpoena ad testificandum* commanding them to testify before the DIA in relation to that action. They removed the matter to this Court pursuant to 28 U.S.C. § 1442(a)(1) and now moves, pursuant to Fed. R. Civ. P. 45(c), to quash the subpoenas. For the reasons set forth below, the motion will be granted.

It is an established principle of federal law that high-ranking government officials may not be required to provide testimony in litigation in which they have no personal involvement absent "extraordinary circumstances." *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (citing *United States v. Morgan*, 313 U.S. 409, 422 (1941) for the principle that "the practice of

calling high ranking government officials as witnesses should be discouraged"). This judicial policy is necessitated by the reality that "[h]igh ranking government officials have greater duties and time constraints than other witnesses." *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993). *See also Springfield Terminal Ry. Co. v. United Transp. Union*, 1989 WL 225031 (D.D.C. May 18, 1989) (quashing subpoenas against a member of Congress based under the principles announced in *Morgan*).

Thus, a subpoena issued against a high-ranking official will be quashed unless (1) the information sought is not obtainable elsewhere, (2) the information sought is essential (not merely relevant) to the case, and (3) provision of the testimony will not interfere with the official's government responsibilities. *In re FDIC*, 58 F.3d at 1061-62; *Hankins v. City of Philadelphia*, No. 95-cv-1449, 1996 WL 524334, at *1 (E.D. Pa. Sept. 12, 1996) (collecting cases); *see also United States v. Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 322 (D.N.J. 2009).

Plaintiff acknowledges that Rep. McGovern is a "high-ranking government official" within the meaning of this doctrine, but contends that extraordinary circumstances require him to testify. This Court disagrees. Rep. McGovern has no basis of personal knowledge of facts relating to the circumstances of plaintiff's employment during the period relevant to his workers' compensation claim, except that his office appears to have communicated with plaintiff's supervisor on several isolated occasions. Any relevant information concerning that employment appears to be obtainable from other sources. Even if it is not, plaintiff has not adequately explained how information Rep. McGovern may have learned in assisting plaintiff to obtain employment is essential to his workers' compensation claim, which arises from an alleged psychiatric illness caused by his workplace environment. Finally, requiring Rep. McGovern to testify in a matter as

to which he has only a tangential association would unduly burden his ability to fulfill his governmental responsibilities. The subpoena against Rep. McGovern will therefore be quashed.

The subpoena against Augustus will be quashed for substantially similar reasons. Whether an official is a "high ranking governmental officer" under *Morgan* is determined on a "case-by-case basis." *See Sensient Colors*, 649 F. Supp. 2d at 318, 322. The doctrine certainly is not limited to constitutional officers of the United States. *See, e.g.*, *Toussie v. County of Suffolk*, 2006 WL 1982687, at *1 (E.D.N.Y. July 13, 2006) (treating county executive as a high-ranking government official). Moreover, courts have found that the doctrine applies to former government officials. *Sensient Colors, Inc.*, 649 F. Supp. 2d at 318. Although Augustus was not a member of Congress, as Chief of Staff to Rep. McGovern he held a position of substantial importance to the operation of that governmental body. For purposes of determining whether Augustus may be compelled to testify in the DIA proceeding, the Court finds that Augustus was a sufficiently "high-ranking" official to be entitled to the protection of the *Morgan* doctrine.

It does not appear, at least at this time, that extraordinary circumstances require that Augustus testify in a proceeding as to which he appears to have little, if any, personal knowledge. However, it appears that Augustus may have had somewhat greater involvement with plaintiffs' employment situation than Rep. McGovern. The subpoena as to Augustus will therefore be quashed without prejudice to its renewal if plaintiff, after seeking testimony regarding the circumstances of his employment from other sources, makes an adequate demonstration of extraordinary circumstances.[1]

---

[1] Rule VIII of the Rules of the House of Representatives (112th Cong.) provides that members and employees of that body may respond to properly issued subpoenas only if the information sought is, among other things, "material and relevant." Because the subpoena will be quashed on other grounds, it is unnecessary to reach

Accordingly, pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv), the motion of Rep. McGovern and Augustus is GRANTED, and the subpoenas are hereby quashed. A subpoena against Augustus may be permitted at a later time upon an adequate showing that his testimony is essential to plaintiff's DIA claim and cannot be obtained elsewhere.

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
                                                United States District Judge

Dated: May 10, 2012

---

the applicability of the House Rules to this action.